DUANE MORRIS LLP
Gregory P. Gulia (GG 4215)
Eric W. McCormick (EM 1887)
Christopher J. Rooney (CR 3694)
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Plaintiffs



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNILEVER SUPPLY CHAIN, INC. and
CONOPCO, INC. d/b/a UNILEVER,

               Plaintiffs,

   -against-

EINSTEIN COSMETICS LLC and
BENJAMIN EINSTEIN,

              Defendants.
------------------------------------------------------------X

**COMPLAINT**
**AND JURY DEMAND**

     Plaintiffs, Unilever Supply Chain, Inc. and Conopco, Inc. d/b/a Unilever, by their undersigned attorneys, Duane Morris LLP, for their Complaint allege as follows:

SUBSTANCE OF THE ACTION

     1.    This is an action for federal trademark infringement, unfair competition and false designation of origin under Sections 32(1) and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114(1) and 1125(a), and for substantial and related claims of unfair competition, injury to business reputation and deceptive trade practices under the state and common laws of the State of New York. Plaintiffs bring this action based on Defendants' unauthorized past, current and planned use of Plaintiffs' registered LIP THERAPY® trademark in connection with Defendants' marketing, distribution and sale of Defendants' products.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, Sections 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and § 1338(b), and under principles of supplementary jurisdiction. This Court has personal jurisdiction over Defendant Einstein Cosmetics LLC because Einstein Cosmetics sells and markets its products in retail stores located in the State of New York. This Court has personal jurisdiction over Defendant Benjamin Einstein because Einstein is the Founder and President of Einstein Cosmetics LLC and all of Einstein Cosmetics LLC's activities and operations are controlled in whole or in part by Einstein. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue properly lies in this District under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and § 1391(c), because Defendants do business in and/or have substantial contacts with and/or may be found in the Southern District of New York and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

## PARTIES

3.      Plaintiff, Unilever Supply Chain, Inc. ("Unilever Supply Chain") is a corporation duly organized and existing under the laws of Delaware with offices at 1 John Street, Clinton, Connecticut 06413. Plaintiff Unilever Supply Chain is the owner of a U.S. federal registration for the LIP THERAPY® trademark ("LIP THERAPY® Mark").

4.      Plaintiff, Conopco, Inc. d/b/a Unilever ("Conopco") is a corporation duly organized and existing under the laws of New York with offices at 33 Benedict Place, Greenwich, Connecticut 06830. Conopco is the exclusive licensee of the LIP THERAPY® Mark. Plaintiffs Unilever Supply Chain and Conopco are collectively hereinafter referred to as "Plaintiffs."

5. Upon information and belief, Defendant Einstein Cosmetics LLC ("Einstein Cosmetics") is a corporation duly organized and existing under the laws of California, having a place of business at 3699 Wilshire Boulevard, Los Angeles, California 90010.

6. Upon information and belief, Defendant Benjamin Einstein ("Einstein") is an individual who is the Founder and President of Einstein Cosmetics. Upon information and belief, Einstein may be contacted at the following address: 3699 Wilshire Boulevard, Los Angeles, California 90010. Einstein Cosmetics and Einstein are hereinafter referred to collectively as "Defendants."

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiffs' LIP THERAPY® Mark</u>

7. Conopco is a leading manufacturer, distributor and seller of a wide variety of personal care products including petroleum jelly, skin care products and hair care products. Conopco distributes and sells its personal care products under such famous brands as DOVE®, POND'S® and CARESS®.

8. Conopco distributes and sells skin protectant lip balm products throughout the country under the LIP THERAPY® Mark through a variety of trade channels including drugstores, supermarkets, superstores and online retailers such as Amazon.com and Pricegrabber.com.

9. Plaintiffs and their predecessors have sold skin protectant lip balm products under the LIP THERAPY® Mark continuously in interstate commerce since at least as early as 1984. The LIP THERAPY® Mark has appeared on product packaging and promotional materials.

10. Plaintiff Unilever Supply Chain is the owner of, inter alia, Registration No. 1,318,877 for the LIP THERAPY® Mark registered on February 12, 1985 for "non-medicated lip balm" on the Principal Register in the United States Patent and Trademark Office.

11. U.S. Trademark Registration No. 1,318,877 for the LIP THERAPY® Mark is an incontestable registration and serves as conclusive evidence of Unilever Supply Chain's exclusive right to use the LIP THERAPY® Mark on the goods cited in the registration. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

12. Plaintiffs' LIP THERAPY® skin protectant lip balm products are currently available and sold to consumers throughout New York state and the United States.

13. Over the years, the volume of sales of goods in the United States under the LIP THERAPY® Mark has been enormous. Plaintiffs' LIP THERAPY® skin protectant lip balm products are among the major consistent competitors in the lip balm product industry in the United States. In 2006 alone, Plaintiffs sold in excess of $7 million dollars of LIP THERAPY® products in the United States.

14. The extraordinary and longstanding success of Plaintiffs' LIP THERAPY® products over many years has fostered wide renown with the trade and public. The products sold under the LIP THERAPY® Mark have a reputation for being of the highest quality.

15. As a result of Plaintiffs' use of the LIP THERAPY® Mark, Plaintiffs' LIP THERAPY® Mark has acquired enormous value and secondary meaning. Plaintiffs' LIP THERAPY® Mark has become extremely well known to the consuming public and trade as identifying and distinguishing Plaintiffs' LIP THERAPY® products from those of their competitors.

B.    Defendants' Unlawful Activities

16.    Upon information and belief, all of Einstein Cosmetics' activities and operations are controlled in whole or in part by Einstein.

17.    On June 8, 2006, Defendant Einstein Cosmetics filed a trademark application with the U.S. Patent and Trademark Office, Application Serial No. 78/903,602, to register the mark EINSTEIN LIP THERAPY for "lip balm and lip cream."

18.    In an Office Action dated September 8, 2006, the United States Patent and Trademark Office ("USPTO") refused Defendant Einstein Cosmetics' application to register the EINSTEIN LIP THERAPY mark finding a likelihood of confusion with Plaintiffs' prior registration for the LIP THERAPY® Mark.

19.    In another Office Action dated March 19, 2007, the USPTO issued a Final Refusal in which it refused registration of Defendant Einstein Cosmetics' EINSTEIN LIP THERAPY Mark on the basis of a likelihood of confusion with Plaintiffs prior registration for the LIP THERAPY® Mark. Attached as Exhibit 2 are true and correct copies of the USPTO's two Office Actions refusing Defendant Einstein Cosmetics' trademark application for EINSTEIN LIP THERAPY.

20.    Despite the USPTO's citation of Plaintiffs' prior registration for the LIP THERAPY® Mark and rejection of Defendant Einstein Cosmetics' trademark application for EINSTEIN LIP THERAPY, Defendants marketed and sold their lip care products under the LIP THERAPY mark. Upon information and belief, Defendants manufacture, market, distribute and sell their LIP THERAPY lip care products through a national distribution network which includes major drug store chains such as CVS and online retailers such as Pricegrabber.com.

Annexed hereto as Exhibit 3 is a list of retail locations that Defendants claim (on their website) market and sell Defendants' LIP THERAPY products.

C.   Defendants Willful Misappropriation of Plaintiffs' LIP THERAPY® Mark

21.   On March 22, 2007, Plaintiffs' counsel sent a letter to Defendants advising them of Plaintiffs' rights in Plaintiffs' LIP THERAPY® Mark and demanding that Defendants cease all use of Plaintiffs' LIP THERAPY® Mark. Despite being put on notice of Plaintiffs' exclusive rights in Plaintiffs' LIP THERAPY® Mark, Defendants refused to agree to cease their infringing activities. Annexed hereto as Exhibit 4 is a copy of Plaintiffs' March 22, 2007 letter to Defendants.

22.   In light of Defendants' undeterred and continued willful infringement, on April 9, 2007, Plaintiffs' counsel sent another letter to Defendants once again advising Defendants of Plaintiffs' rights in Plaintiffs' LIP THERAPY® Mark and reiterating Plaintiffs' demand that Defendants cease their illegal activities. Annexed hereto as Exhibit 5 is a copy of Plaintiffs' April 9, 2007 letter to Defendants.

23.   After a further exchange of correspondence with counsel for Defendants, Defendants have not ceased their illegal activities and continue to market and sell lip care products under the mark LIP THERAPY.

24.   Upon information and belief, Defendants have adopted, commenced use of and are using LIP THERAPY as a trademark with the intent and purpose of trading on the extensive good will built up by Plaintiffs in Plaintiffs' LIP THERAPY® Mark and to reap the benefits of years of effort and investment by Plaintiffs to create public recognition of Plaintiffs' LIP THERAPY® Mark and the products sold thereunder.

25. Upon information and belief, Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

26. Upon information and belief, Defendants' acts of imitation have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

27. Plaintiffs reallege paragraphs 1 through 26 above and incorporate them by reference as if fully set forth herein.

28. Defendants' unauthorized use of a copy, variation, simulation or colorable imitation of Plaintiffs' registered LIP THERAPY® Mark in connection with Defendants' lip care products infringes Plaintiffs' exclusive rights in their federally registered mark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

29. Defendants have used a copy, variation, simulation or colorable imitation of Plaintiffs' LIP THERAPY® Mark with full knowledge of the long and extensive prior use of the LIP THERAPY® Mark by Plaintiffs.

30. Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, and to their good will and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### UNFAIR COMPETITION (15 U.S.C. §1125(a)(1))

31. Plaintiffs reallege paragraphs 1 through 30 above and incorporate them by reference as if fully set forth herein.

32. Plaintiffs are the valid owners and/or exclusive licensee of the LIP THERAPY® Mark which is a protectable trademark entitled to full recognition and protection under federal trademark law.

33. Defendants' unauthorized use of a copy, variation, simulation or colorable imitation of Plaintiffs' LIP THERAPY® Mark in connection with Defendants' lip care products infringes Plaintiffs' exclusive rights in Plaintiffs' trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement and unfair competition, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

34. Defendants have used a copy, variation, simulation or colorable imitation of the LIP THERAPY® Mark with full knowledge of the long and extensive prior use of the LIP THERAPY® Mark by Plaintiffs.

35. Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, and to their good will and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

THIRD CLAIM FOR RELIEF
FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

36. Plaintiffs reallege paragraphs 1 through 35 above and incorporate them by reference as if fully set forth herein.

37. Defendants' unauthorized use of a copy, variation, simulation or colorable imitation of Plaintiffs' LIP THERAPY® Mark in connection with Defendants' lip care products constitutes a false designation of origin, a false description and representation of Defendants' goods and a false representation that Defendants' goods are sponsored, endorsed, licensed, authorized and/or affiliated or connected with Plaintiffs.

38. Upon information and belief, Defendants have knowingly adopted and used a copy, variation, simulation or colorable imitation of Plaintiffs' LIP THERAPY® Mark with full knowledge of the long and extensive prior use of the Plaintiffs' LIP THERAPY® Mark by Plaintiffs.

39. Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

41. Plaintiffs reallege paragraphs 1 through 40 above and incorporate them by reference as if fully set forth herein.

42. Upon information and belief, Defendants were aware of Plaintiffs' prior use of Plaintiffs' LIP THERAPY® Mark, and adopted and used LIP THERAPY as a trademark in disregard of Plaintiffs' prior use and rights in Plaintiffs' LIP THERAPY® Mark.

43. Upon information and belief, Defendants' use of LIP THERAPY as a trademark has resulted in the misappropriation of and trading upon Plaintiffs' good will and business reputation at Plaintiffs' expense and without any expense to Defendants. The effect of Defendants' misappropriation of the goodwill symbolized by Plaintiffs' LIP THERAPY® Mark is to unjustly enrich Defendants, damage Plaintiffs and confuse and/or deceive the public.

44. Defendants' conduct constitutes unfair competition with Plaintiffs, all of which has caused and will continue to cause irreparable injury to Plaintiffs' good will and reputation unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## INJURY TO BUSINESS REPUTATION
### (N.Y. General Business law §360-l)

45.   Plaintiffs reallege paragraphs 1 through 44 above and incorporate them by reference as if fully set forth herein.

46.   Defendants' unauthorized use of a copy, variation, simulation or colorable imitation of Plaintiffs' LIP THERAPY® Mark has caused and will continue to cause injury to Plaintiffs' business reputation.

47.   Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' LIP THERAPY® Mark in connection with goods not controlled or otherwise subject to Plaintiffs' control has caused and will continue to cause injury to the reputation of Plaintiffs and Plaintiffs' goods.

48.   By reason of the foregoing, Plaintiffs are entitled to injunctive relief under New York General Business Law §360-l.

## SIXTH CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

49.   Plaintiffs reallege paragraphs 1 through 48 above and incorporate them by reference as if fully set forth herein.

50.   By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or service, in violation of § 349 of the New York General Business Law.

51.   The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendants.

52. Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiffs. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment as follows:

1. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants from:

 (a) using or authorizing any third party from using any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' LIP THERAPY® Mark in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

 (b) imitating, copying or making any unauthorized use of Plaintiffs' LIP THERAPY® Mark or any copy, simulation, variation or imitation thereof;

 (c) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiffs;

 (d) using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Plaintiffs or tend to do so;

11

    (e)    registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin any mark, trade dress or name including the LIP THERAPY® Mark or any other mark or domain name that infringes on or is likely to be confused with Plaintiffs' LIP THERAPY® Mark

    (f)    engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of Plaintiffs' LIP THERAPY® Mark; and

    (g)    aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (f).

2. Requiring Defendants to formally abandon with prejudice any and all applications to register any trademark, service mark, or trade dress consisting of, containing, or confusingly similar to Plaintiffs' LIP THERAPY® Mark either alone or in combination with other words and/or designs.

3. Requiring Defendants to direct all distributors, retail establishments or wholesale establishments to cease the distribution or sale of any and all Infringing Products.

4. Directing that Defendants deliver for destruction all products and goods, advertisements for such, and other materials in their possession, or under their control, incorporating or bearing simulations, variations or colorable imitations of Plaintiffs' LIP THERAPY® Mark, used alone or in combination with other words and/or designs.

5. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured,

sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiffs or related in any way to Plaintiffs' products.

6. Directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

7. Awarding Plaintiffs such damages as they have sustained or will sustain by reason of Defendants' trademark infringement, unfair competition, and injury to business reputation and deceptive trade practices.

8. Awarding Plaintiffs all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1107, awarding Plaintiffs an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

9. Awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

10. Awarding Plaintiffs their costs and disbursements incurred in this action, including their reasonable attorneys' fees.

11. Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, New York
August 24, 2007

Respectfully submitted,

DUANE MORRIS LLP

By: _/s/_

Gregory P. Gulia (GG 4215)
Eric W. McCormick (EM 1887)
Christopher J. Rooney (CR 3694)
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Fax: (212) 692-1020

Attorneys for Plaintiffs
Unilever Supply Chain, Inc. and
Conopco, Inc. d/b/a Unilever