## Exhibit 4

DuaneMorris®

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE

ROWENA DELEON
DIRECT DIAL: 212-692-1082
E-MAIL: rjdeleon@duanemorris.com

www.duanemorris.com

March 22, 2007

**BY FEDERAL EXPRESS**

Mr. Benjamin Einstein
President
Einstein Cosmetics Ltd.
3699 Wilshire Boulevard
Suite 900
Los Angeles, California 90010

RE: **Infringing Use of LIP THERAPY® Trademark**
(Our Ref. Y0759-00545)

Dear Mr. Einstein:

We are intellectual property counsel to Unilever ("Unilever"), the owner of the LIP THERAPY® trademark (the "LIP THERAPY® Mark"). Unilever is a world-renowed manufacturer and distributor of numerous goods which include personal care, hair care, skin care and food products.

Unilever and its predecessors have used the LIP THERAPY® Mark as a trademark since at least as early as 1984. Unilever manufactures and sells lip care products under the LIP THERAPY® Mark. Unilever has made significant investments of time, money and other resources over the years to maintain its highly regarded image and has taken great care to control the quality of its goods. As a result of these activities, Unilever enjoys a reputation as a manufacturer and distributor of the highest quality goods under its LIP THERAPY® Mark. Due to Unilever's long use of its LIP THERAPY® Mark, consumers associate the mark with Unilever and the LIP THERAPY® Mark symbolizes and represents an enormous amount of good will of Unilever.

The LIP THERAPY® Mark is a well-known mark that is extremely valuable to Unilever. Unilever owns the following federal trademark registrations for the LIP THERAPY® Mark:

<u>Duane</u><u>M</u>orris

Mr. Benjamin Einstein
President, Einstein Cosmetics Ltd.
March 22, 2007
Page 2

Registration No. 1,318,877 for "non-medicated lip balm" and Registration No. 1,496,509 for "medicated lip ointment." Both of these registrations are incontestable.

    Our client has recently learned that your company is using LIP THERAPY in connection with lip care products and has applied to register LIP THERAPY as a trademark for "lip balm and lip cream." Your company's unauthorized use of a mark that is identical to our client's LIP THERAPY® Mark is likely to cause confusion as to the source and sponsorship of its goods in violation of various laws including, Section 43 of the Lanham Act, 15 U.S.C. § 1125, and our client's rights under the common law. In addition, your company's use of Lip Therapy could dilute Unilever's famous trademark in violation of the federal dilution act and the anti-dilution laws of various states.

    In a lawsuit brought under the federal and state laws, Unilever would be able to obtain all of your company's profits from the sale of its goods, damages, attorney's fees and an injunction barring Einstein Cosmetics from using Unilever's mark, or any copies or simulations thereof, in connection with any goods.

    PLEASE BE ADVISED, that on behalf of our client we demand that your company immediately cease and desist from any and all use of LIP THERAPY and/or any name or mark incorporating or similar to our client's LIP THERAPY® Mark. Moreover, we demand that your company supply us with written confirmation by **April 5, 2007** that your company:

(1) has ceased all use and plans to use LIP THERAPY and/or any name or mark confusingly similar to or incorporating our client's LIP THERAPY® Mark;

(2) has abandoned trademark Application Serial No. 78/903,602 and does not own any other federal or state registrations for or applications to register any similar mark and will permanently abandon all plans to register any such mark, including any federal or state applications; and

(3) will provide a list quantifying the dollar value and volume of all goods already sold by Einstein Cosmetics in connection with LIP THERAPY.

    If your company cooperates with the foregoing and provides the written assurances and information requested, Unilever will strongly consider waiving its claims for damages.

    Please provide us with the written assurances and information requested above by **April 5, 2007**. If your company fails to do so, we will have no option but to recommend that our client take all appropriate actions to ensure that its intellectual property rights remain protected.

DuaneMorris

Mr. Benjamin Einstein
President, Einstein Cosmetics Ltd.
March 22, 2007
Page 3

      This letter is written without prejudice to any of Unilever's rights or remedies, all of which are expressly reserved.

      I thank you for your prompt attention to this matter.

Very truly yours,

Rowena DeLeon

cc:    Gregory P. Gulia, Esq.