**Exhibit 5**

**Duane Morris®**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE

ROWENA DELEON
DIRECT DIAL: 212-692-1082
E-MAIL: rjdeleon@duanemorris.com

www.duanemorris.com

April 9, 2007

BY FEDERAL EXPRESS

Mr. Benjamin Einstein
President
Einstein Cosmetics Ltd.
3699 Wilshire Boulevard
Suite 900
Los Angeles, California 90010

RE: **Infringing Use of LIP THERAPY® Trademark**
(Our Ref. Y0759-00545)

Dear Mr. Einstein:

This responds to your letter dated March 29, 2007.

Your contention that LIP THERAPY is somehow not capable of trademark protection is simply wrong. As I indicated in my March 22, 2007 letter, Unilever owns two (2) incontestable federal trademark registrations for the LIP THERAPY trademark (copies of these two registrations are attached hereto as Exhibit 1). These registrations constitute conclusive evidence of Unilever's exclusive rights to the LIP THERAPY mark for lip care products in the United States. No other company or person owns a federal trademark registration for any mark consisting of or incorporating LIP THERAPY. Indeed, your company itself has affirmatively recognized that LIP THERAPY is capable of trademark protection as evidenced by your federal application for the trademark EINSTEIN LIP THERAPY with a disclaimer of only the term "LIP." Your use of a "TM" symbol after LIP THERAPY on your product packaging further shows that you believe LIP THERAPY can function as a trademark.

Unilever has expended substantial resources to build up the reputation and goodwill that it has in its LIP THERAPY trademark. Your company's use of LIP THERAPY for competing products is trading upon that hard-earned reputation and goodwill. It is very likely that

DuaneMorris

Mr. Benjamin Einstein
President, Einstein Cosmetics Ltd.
April 9, 2007
Page 2

consumers when seeing your use of LIP THERAPY will believe, mistakenly, that your products originate with or are otherwise sponsored, endorsed by, licensed by or associated with Unilever. The likelihood of confusion in this case has been officially recognized by the United States Patent and Trademark Office ("PTO") which on March 19, 2007 issued a <u>Final</u> Refusal of your company's application for EINSTEIN LIP THERAPY based on a finding that EINSTEIN LIP THERAPY is likely to be confused with Unilever's registered LIP THERAPY trademark (this continued the refusal that was originally made by the PTO in its September 9, 2006 Office Action). As the PTO stated: "[t]he applicant's mark has incorporated the term LIP THERAPY which is the registrant's mark." The PTO also expressly found that the addition of the term EINSTEIN to LIP THERAPY will <u>not</u> ameliorate the likelihood of confusion. As stated by the PTO, "[t]he mere addition of a term to a registered mark is not sufficient to overcome a likelihood of confusion... ." A copy of the PTO's Final Refusal of your application is attached hereto as Exhibit 2.

The likelihood of confusion in this case is especially great given that your company uses LIP THERAPY in a very prominent, stand-alone, manner on its packaging. It is widely separated from the EINSTEIN name by a large cross design and descriptive copy. It is clear that LIP THERAPY is functioning as a source identifier on your products.

In view of the foregoing, we must repeat our demand that Einstein Cosmetics:

(1) immediately and permanently cease all use and plans to use LIP THERAPY and/or any name or mark confusingly similar to or incorporating Unilever's LIP THERAPY trademark;

(2) expressly and permanently abandon trademark Application Serial No. 78/903,602 and any other federal or state registrations for or applications to register any identical or confusingly similar mark; and,

(3) provide us with a list quantifying the dollar value and volume of all goods already sold by Einstein Cosmetics in connection with LIP THERAPY.

In addition, since you were on formal notice of our rights in LIP THERAPY since the initial Office Action by the PTO dated September 8, 2006 which initially rejected your application based on Unilever's registrations, and yet you have willfully continued your infringing activities, we also demand that you account for and pay over to Unilever all profits that you have made on sales of your LIP THERAPY products since September 8, 2006.

DuaneMorris

Mr. Benjamin Einstein
President, Einstein Cosmetics Ltd.
April 9, 2007
Page 3

    We expect to hear from you or your attorney by no later than Monday, **April 16, 2007**, failing which Unilever will take whatever action it deems appropriate to protect its valuable trademark rights.

    Finally, you claim that you are aware of other uses of LIP THERAPY. If you provide us with evidence of any such uses we will contact those companies as well.

    This letter is written without prejudice to any of Unilever's rights or remedies, all of which are expressly reserved.

                                                      Very truly yours,

                                                      Rowena DeLeon

cc:    Gregory P. Gulia, Esq.

Exhibits



Nº 1318877

# THE UNITED STATES OF AMERICA

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twelfth day of February, 1985.

Acting Commissioner of Patents and Trademarks



Int. Cl.: 5

Prior U.S. Cl.: 18

Reg. No. 1,318,877

## United States Patent and Trademark Office
Registered Feb. 12, 1985

## TRADEMARK
Principal Register

## LIP THERAPY

Chesebrough-Pond's Inc. (New York corporation)
33 Benedict Pl.
Greenwich, Conn. 06830

For: NON-MEDICATED LIP BALM, in CLASS 5 (U.S. Cl. 18).
First use Feb. 16, 1984; in commerce Feb. 16, 1984.
No claim is made to the exclusive right to use "Lip", apart from the mark as shown.

Ser. No. 468,869, filed Mar. 5, 1984.

EVAN J. KRAME, Examining Attorney



N⁰ 1496509

## THE UNITED STATES OF AMERICA

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this nineteenth day of July, 1988.

Commissioner of Patents and Trademarks



Int. Cl.: 5

Prior U.S. Cl.: 18

Reg. No. 1,496,509

**United States Patent and Trademark Office**  Registered July 19, 1988

## TRADEMARK
### PRINCIPAL REGISTER

## LIP THERAPY

CHESEBROUGH-POND'S INC. (NEW YORK CORPORATION)
33 BENEDICT PLACE
GREENWICH, CT 068366000

FOR: MEDICATED LIP OINTMENT, IN CLASS 5 (U.S. CL. 18).
FIRST USE 8-27-1987; IN COMMERCE 8-27-1987.

OWNER OF U.S. REG. NOS. 151,099, 1,318,877 AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LIP", APART FROM THE MARK AS SHOWN.

SER. NO. 690,798, FILED 10-16-1987.

JULIA A. HARDY, EXAMINING ATTORNEY

Document Description: **Offc Action Outgoing**
Mail / Create Date: **19-Mar-2007**

[Previous Page]   [Next Page]   You are currently on page 1 of 30

| | |
|---|---|
| **To:** | Einstein Cosmetics Ltd (kcunningham@cislo.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 78903602 - EINSTEIN LIP THERAPY - EC 1003 |
| **Sent:** | 3/19/2007 12:03:10 PM |
| **Sent As:** | ECOM107@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |
| | Attachment - 25 |
| | Attachment - 26 |
| | Attachment - 27 |
| | Attachment - 28 |
| | Attachment - 29 |

**UNITED STATES PATENT AND TRADEMARK OFFICE**

**SERIAL NO:**   78/903602

APPLICANT: Einstein Cosmetics Ltd

**\*78903602\***

CORRESPONDENT ADDRESS:
Kelly W. Cunningham
Cislo & Thomas LLP
233 Wilshire Blvd., Suite 900
Santa Monica CA 90401

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

MARK:   EINSTEIN LIP THERAPY

CORRESPONDENT'S REFERENCE/DOCKET NO:  EC 1003

CORRESPONDENT EMAIL ADDRESS:
kcunningham@cislo.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**: If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number 78/903602

**THIS IS A FINAL ACTION**

This letter responds to applicant's communication filed on March 13, 2007. Applicant's disclaimer statement was received and made of record. Applicant's amendment to allege use was received and made of record. Upon review, the following refusal is continued and made final.

*Likelihood of Confusion*

Registration was refused under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the mark for which registration is sought so resembles the marks shown in U.S. Registration Nos. 1318877 and 1496509 as to be likely, when used in connection the identified goods, to cause confusion, or to cause mistake, or to deceive.

The examining attorney has considered the applicant's arguments carefully but has found them unpersuasive. For the reasons below, the refusal under Section 2(d) is maintained and made FINAL.

**EINSTEIN LIP THERAPY vs. Registration Nos. 1318877 and 1496509, LIP THERAPY**

Section 2(d) of the Trademark Act bars registration where a mark so resembles a registered mark, that it is likely, when applied to the goods, to cause confusion, or to cause mistake or to deceive. TMEP section 1207.01. The Court in *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973), listed the principal factors to consider in determining whether there is a likelihood of confusion. Among these factors are the similarity of the marks as to appearance, sound, meaning and commercial impression and the similarity of the goods. The overriding concern is to prevent buyer confusion as to the source of the goods. *Miss Universe, Inc. v. Miss Teen U.S.A., Inc.*, 209 USPQ 698 (N.D. Ga. 1980). Therefore, any doubt as to the existence of a likelihood of confusion must be resolved in favor of the registrant. *Lone Star Mfg. Co. v. Bill Beasley, Inc.*, 498 F.2d 906, 182 USPQ 368 (CCPA 1974).

The examining attorney must look at the marks in their entireties under Section 2(d). The mere addition of a term to a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d). *Coca-Cola Bottling Co. v. Joseph E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (CCPA 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (CCPA 1967) ("THE LILLY" and "LILLI ANN"); *In re El Torito Restaurants Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY'S ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"). The applicant's mark has incorporated the term "LIP THERAPY" which is the registrant's mark. When the applicant's mark is compared to a registered mark, "the points of similarity are of greater importance than the points of difference." *Esso Standard Oil Co. v. Sun Oil Co.*, 229 F.2d 37, 108 USPQ 161 (D.C. Cir.), *cert. denied*, 351 U.S. 973, 109 USPQ 517 (1956).

Although both applicant and registrant have disclaimed the word, LIP, from their respective marks, the marks must be considered in their entireties when determining whether there is likelihood of confusion. A disclaimer does not remove the disclaimed portion from the mark for the purposes of this analysis. *In re National Data Corp.*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); *Specialty Brands, Inc. v. Coffee Bean Distributors, Inc.*, 748 F.2d 669, 223 USPQ 1281 (Fed. Cir. 1984); *In re Infinity Broadcasting Corp. of Dallas*, 60 USPQ2d 1214 (TTAB 2001); *In re MCI Communications Corp.*, 21 USPQ2d 1534 (Comm'r Pats. 1991). Purchasers are not aware of disclaimers that reside only in the records of the U.S. Patent and Trademark Office.

Accordingly, the marks are essentially the same in sound, appearance, and meaning. Consequently, the respective marks have very similar commercial impressions.

Furthermore, applicant's goods "lip balm; lip cream" are identical and highly related to registrant's goods, "non-medicated lip balm" and "medicated lip ointment." The fact that the United States Patent and Trademark Office classifies goods or services in different classes does not establish that the goods and services are unrelated under Trademark Act Section 2(d), 15 U.S.C. §1052(d). The determination concerning the proper classification of goods or services is a purely administrative determination unrelated to the determination of likelihood of confusion. *Jean Patou Inc. v. Theon Inc.*, 9 F.3d 971, 29 USPQ2d 1771 (Fed. Cir. 1993); *National Football League v. Jasper Alliance Corp.*, 16 USPQ2d 1212, 1216 n.5 (TTAB 1990); TMEP §1207.01(d)(v).

Attached are eleven copies of printouts from the USPTO X-Search database, which show third-party

registrations of marks used in connection with the same or similar goods as those of applicant and registrant in this case. These printouts have probative value to the extent that they serve to suggest that the goods listed therein, namely lip balms, lip creams, and lip ointments, are of a kind that may emanate from a single source. *See In re Infinity Broad. Corp.*, 60 USPQ2d 1214, 1217-1218 (TTAB 2001); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co., Inc.*, 6 USPQ2d 1467, 1470 at n.6 (TTAB 1988).

The examining attorney must determine whether there is a likelihood of confusion on the basis of the goods identified in the application and registration. If the cited registration describes the goods broadly and there are no limitations as to their nature, type, channels of trade or classes of purchasers, it is presumed that the registration encompasses all goods of the type described, that they move in all normal channels of trade, and that they are available to all potential customers. *In re Elbaum*, 211 USPQ 639 (TTAB 1981). Registrant's "lip ointment" could include applicant's goods.

The examining attorney underscores that the fact that purchasers are sophisticated or knowledgeable in a particular field does not necessarily mean that they are sophisticated or knowledgeable in the field of trademarks or immune from source confusion. *See In re Decombe*, 9 USPQ2d 1812 (TTAB 1988); *In re Pellerin Milnor Corp.*, 221 USPQ 558 (TTAB 1983).

For the reasons discussed above, consumers are likely to confuse the source of the applicant's goods with the source of the registrant's goods, upon encountering them in the marketplace.

*Options*

If applicant fails to respond to this final action within six months of the mailing date, the application will be abandoned. 15 U.S.C. §1062(b); 37 C.F.R. §2.65(a). Applicant may respond to this final action by:

(1) submitting a response that fully satisfies all outstanding requirements, if feasible (37 C.F.R. §2.64(a)); and/or

(2) filing an appeal to the Trademark Trial and Appeal Board, with an appeal fee of $100 per class (37 C.F.R. §§2.6(a)(18) and 2.64(a); TMEP §§715.01 and 1501 *et seq.*; TBMP Chapter 1200).

In certain circumstances, a petition to the Director may be filed to review a final action that is limited to procedural issues, pursuant to 37 C.F.R. §2.63(b)(2). 37 C.F.R. §2.64(a). *See* 37 C.F.R. §2.146(b), TMEP §1704, and TBMP Chapter 1201.05 for an explanation of petitionable matters. The petition fee is $100. 37 C.F.R. §2.6(a)(15).

/Steven Jackson/
Steven W. Jackson
Trademark Attorney
Law Office 107
Phone: 571-272-9409
Fax: 571-273-9107

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application

> System (TEAS) Response to Office action form available on our website at
> http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72
> hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
>
> - REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to
>   the mailing return address above, and include the serial number, law office number, and
>   examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a
>   certificate of mailing. 37 C.F.R. §2.197.
>
> **STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark
> Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.
>
> **VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending
> applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.
>
> **GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please
> visit the Office's website at http://www.uspto.gov/main/trademarks.htm
>
> **FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT
> THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page.
[required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- *Call the Trademark Assistance Center at 571.272.9250 for help on trademark matters.*
- *Send questions about USPTO programs to the USPTO Contact Center (UCC).*
- *If you have technical difficulties or problems with this application, please e-mail them to Electronic Business Support Electronic Applications or call 1 800-786-9199.*